Mr. Schultz. Good morning. May it please the Court. I'm Rob Schultz for the appellant in this case, Dennis Thompson. And I understand there's really two issues to talk about today. I'm going to take one minute on the first issue, which I briefed because it's so easy. And that is, this is a case in which the defendant did not abide by FCC regulation and because of that was absolutely barred from sending any advertising text messages. That's 47 CFR 64.12 OOD. I'm not going to, unless you want me to, I'm not going to say it anymore. I'm just going to say the regulation. And that was what my brief was about because below, the district court dismissed count two of my, I believe it was a complaint at that time, because the court said that there was consent to receive these text messages. Just be aware that the regulation at issue does not have consent as a defense and that's on purpose because this is an FCC regulation that bars any advertising text messages if you don't do these six things. These six things were the FCC trying to protect the do not call list from text messaging, advertising text messaging. Because consent is not in that regulation, consent is not a defense and the district court was led into error. But the statute creates the cause of action. That's the problem I'm having with your argument. If the statute creates the cause of action and makes consent an element, it doesn't matter what the regulation says. Well, no sir. The statute says that any violation of a regulation under the TCPA is subject to TCPA claims for statutory damages. The FCC is given the job of issuing regulations in support of the TCPA, which is what they did here for this regulation. This regulation, if I remember correctly, was enacted roughly 20 years ago. There has been no amendment to it to add consent. In fact, consent would defeat this regulation because this regulation says no advertising text messages unless you do these six things. Has a circuit or district court taken your view of it and said you can basically sue with or without consent? Either way, consent doesn't matter for a violation of this regulation. And if so, do you have a case? No. Okay. I can tell you I'm kind of kicking ahead to the, of course there is no case saying consent is a defense either. Fair. Yeah. I understand. And that's why my brief is so short. It's the shortest brief I've ever filed in the Eighth Circuit. Now, I'm going to kick ahead for a second because that's the issue. We read the regulation. Consent's not in there. Therefore, consent's not a defense. And to put consent in there would defeat the regulation. And the other thing you have to worry about is there's different types of consent under the TCPA and the regulations. For instance, for people on the do not call list, you need more than consent. You need a signature and a disclaimer. That was count one of my claim below. I lost that because the judge said there was consent. And at first I appealed it, but I waived that because some lawyer friends of mine said, Rob, you can't keep banging your head against the wall. The courts essentially said agreement equals signature. And I have not appealed the dismissal of count one. I'm not contesting that there was consent. But I'm pointing out that consent was not a defense to count two. Now, I'll answer any questions you want. But I know the court is especially interested in what I call the Spokio issue. And I have a lot of experience with that here because I've lost that Spokio issue twice in identical regulatory claims. The cases were before Judge Clark. And the first one was Thompson versus Genesco. If you want, I have the case number. And Judge Clark found that my clients did not have standing under this statute. If you don't have standing, there is no subject matter jurisdiction. And because this case and the other two cases were both initially filed in the St. Louis County Circuit Court and removed by defendant, it's black letter law. There's no subject matter jurisdiction on a removed case. It gets remanded back to the court from whence it came. This case came from the St. Louis County Circuit Court, Judge Roboto, Division 18. And so what would happen is in the two cases I lost standing on before Judge Clark, the second case was Vintage, Thompson versus Vintage. That was a partial remand. There was two counts in that case. The count under this regulation, Judge Clark found there was no standing, there was no subject matter jurisdiction, and he remanded that half of the case. The Genesco case was a complete remand. So in answer to your, I guess it's a docket entry, the query from the court, my argument is that these six things that defendant was supposed to do, those are not focused on my plaintiff. What happened though, if you don't do those six things, the subsequent text message is focused on my plaintiff, and that's where the damage arises. So it's different. I think it was a Fair Credit Reporting Act, the Eighth Circuit case I was referred to. In that case, there was errors in the credit report, but those never manifested any harm to the plaintiff. In this case, they didn't do these six things, plus they violated the first sentence of the regulation by sending text messages to me and my client. Not me, excuse me, to my client and others. So that's where the harm comes because I think the courts are uniform in that illegal text messaging is a harm because of the bother, the use of your phone and things like that. That's why I think this case is different, but Judge Clark disagreed with me twice, and I bring that up to you, and I think I've explained what happens. No standing, no subject matter jurisdiction. Counsel, let's dig a little bit deeper into that. So let's suppose that you have adequately pled facts to show injury in fact.  What facts have been pled to show traceability? In other words, that receiving these unwanted text messages was fairly traceable to replacements. Because the text messages were illegally sent. They're an illegal text message, and yes, I heavily pled that in the complaint in this case. And it is the annoyance, the use of your phone, the buzzing, the distraction. And let me just point out that- That's an injury, but I'm not sure about traceability in terms of, did you plead, did you follow the opt-out instructions, things like that? Well, the opt-out instruction does not matter at all to the TCPA. I think I understand traceability, and I believe that comes out of a district court in Florida. Where the district court in Florida, with a similar claim, found there was no subject matter jurisdiction, there was no standing. Because while the defendant violated this regulation, the defendant could have obeyed the regulation and sent the same text message. Now I want to point out that that is a doctrine I'm not aware of any court applying anywhere else. That's like saying, hey, I robbed a bank, but you can't punish me because I guess I could have gotten a loan. Or I'm practicing law without a license, but I could have gone to law school. So I understand the traceability argument. And if you find that traceability is a problem here, then the case gets remanded back to St. Louis County Circuit Court, where I initially filed it. And I can live with that. And- But judge, if I failed in that, I don't think I did. And I've argued both times I got remanded that remand was not called for. But judge, if I failed on traceability, there's no standing, and the case gets remanded. But I believe I have, because based on the reg, they didn't do these things, the text messages were illegal, and they were sent to my client. And the wrong here is the sending of the illegal text message, based on the six things they didn't do, or some of the six things they didn't do. I hope I've answered your question, Your Honor. I'm not trying to dodge anything. Thank you. Thank you, Your Honor. If there are no other questions, I'll reserve the rest of my time for rebuttal. Very good. Thank you. Oh, by the way, thank you. I know you saved for the last, your most exciting case. Thank you. Ms. Wiley. Good morning, Your Honors. May it please the court, my name is Catherine Wiler. I represent defendant replacements, and we are asking that the court affirm the ruling of the trial court. As counsel noted, there are two issues that the court has asked us to specifically discuss. And Judge Gross, I'd like to go directly to your question about traceability. If I can take a half a step back first, that's where I will be focusing. As the court is aware for Article III standing to exist, there need to be three elements satisfying. The plaintiff must have an injury in fact. It must be fairly traceable to the challenged conduct of the defendant, and it is likely to be redressed by a favorable decision. The circuit seems, although it is not absolutely clear, but seems to agree that in a situation such as this, the challenged conduct does constitute an injury in fact. And Judge Gross, that's actually your decision in Golan. It's not identical because we're talking about answering machine messages in Golan, but it is a case that was considering the analysis in Spokeo and found, yes, in fact, based on allegations in this type of case, there is a concrete injury. So that leads to the question that Your Honor was asking about traceability. Is there traceability? In this particular case, which is unique, based on the allegations in the first amended complaint, the answer to that is yes. And it is most straightforward when this case and the allegations in this case are compared to the allegations in a case that counsel mentioned, another of his, Thompson versus Genesco. The district court, if this court will indulge me, actually explains exactly how the traceability analysis in that case failed. And that's the best way to explain to this court why here, based on different allegations, there is actually satisfaction of traceability. In the Genesco case, so this is 2024, U.S. District Lexus 3203, it's between pages 14 and 15, excuse me. The court explains that there is a critical link missing between the plaintiff's alleged injury and the violations that the plaintiff is complaining about. They are the same violations. It is an allegation that the defendant in that particular case improperly sent text messages and that the defendant did not comply with the CFR. Now, Judge Strauss, we'll get to your question about how that can stand on its own. It can't. There has to be an allegation of a statutory violation. But for purposes of context, it is the exact same type of claim. And what the district court found is the missing link was the factual allegation that Thompson actually asked to be put on an internal do not call list in the first place. Nowhere in his amended complaint does Thompson allege that he ever asked Genesco to place him on such a list or simply not to contact him. In fact, Thompson does not allege any way in which he would have remotely benefited from Genesco's compliance with section 641200D. Again, Thompson is referring to Genesco. It's the same plaintiff, different case. The court goes on. That internal list, whether extant or not, is useless to Thompson if it never would have featured his name or phone number. Therein lies the traceability problem. If Thompson cannot allege a way, any way, in which he would appear on a Genesco internal do not call list, then his injury cannot be traced to Genesco's failure to maintain one. Now, I realize that's a very long quote. I appreciate the court's indulgence. Here's why it matters. Because in this case, the plaintiff did allege he attempted to be placed on the internal do not call list. And so the question, obviously, is where? It's in the first amended complaint. At paragraph 18, the plaintiff alleges that he emailed replacements stop. That was his attempt, based on the allegations in the first amended complaint, to be put on an internal do not call list. That is the distinction between this case and Genesco. It is the only distinction. But it is fundamental to your question, Judge Gross, about traceability. Based on that allegation, it is conceivable, and that is the test that we are looking at for purposes of Article III standing, it is conceivable that the plaintiff attempted to be placed on an internal do not call list and nonetheless received unwanted text messages. There is one thing that actually, I think, could be missing here. So I'm not a huge fan of TransUnion versus Ramirez, but it is what it is. And I've dutifully applied it. We had a case that came out a couple of weeks ago that I authored, where you need, and TransUnion sort of says this is what you need, is you need to analogize it to some cause of action, a statutory cause of action, some cause of action that existed that courts have traditionally adjudicated. Now, I've racked my brain to try to figure out what this looks like, and maybe this collapses with the cause of action. But the unanimous 11th Circuit said this is an intrusion upon seclusion, which is maybe what you were going to say. But that was the element for me that was missing. Do you agree with the 11th Circuit's analysis? I do, Judge, and that speaks to concrete injury, just so we're clear. Yes. Forgive me, my brain works better when we're dealing with rubrics. So separately from traceability, that speaks to concrete injury, and that is what I was speaking to about Judge Grass's decision, actually, in Golan. Yes, Cordova versus DirecTV, which I believe is the case Your Honor is referring to, also speaks to exactly that. And those are not the only cases in which even appellate courts, circuit courts of appeal, have found there to exist a reasonable and, forgive me, a concrete and particularized injury in this type of case under the TCPA. The Second District, the Seventh, excuse me, the Second Circuit, the Seventh Circuit, the Ninth Circuit, the Eleventh Circuit, actually, Your Honor, you may have been speaking of the Drazen case. Drazen, yep. All of them made the same determination. And yes, we agree that this court should reach the same conclusion. Now, to be very clear, the Eighth Circuit has not specifically made that determination in the context of text messages. But the analysis is the same. And the cases I just described to you, Your Honor, are within the context of text messages. So yes, there are many cases, or I should say several, circuit court decisions and several district court decisions from this circuit that have reached the same conclusion about concrete injury. And so with that, we have a concrete injury. We have traceability. And we have the ability for redress. That satisfies Article III. But to your point, Judge Strauss, this is when we collapse into the merits argument. And that's when we look at 12b-6. Based on the same allegations in the complaint, what plaintiff has alleged here. And again, this is a unique set of allegations in the First Amendment complaint that don't exist in Genesco or Vintage Stock, the other district court case the plaintiff's counsel was speaking of. The allegations are there was consent. That's not in dispute. The plaintiff does not challenge that. There was no revocation of consent. So there is no reason that the plaintiff would have ever been removed from an internal call list because there was no revocation of consent. But there was this vague allegation of an attempt at stop, quote unquote, at being placed on that list. Now, that wouldn't have been sufficient once consent is given. And there is no allegation that consent was given. So I realize this is a little bit circular. And I've moved ahead in the analysis. But that's why it's important to understand these distinctions between what exactly has been alleged that's sufficient to establish Article III standing, which exists here, and why those same allegations are not sufficient to allege a claim that can withstand a challenge under 12b-6. The district court correctly reached that conclusion. And that speaks, again, to exactly your point, Your Honor, about whether or not consent can preclude a claim in a 12b-6 action. And the answer has to be yes. This speaks to the nature of the TCPA. The TCPA exists to assist consumers who do not wish to receive unwanted communications. It's the Telephone Communications Protection Act. That's why it exists. The statute itself includes language that specifies that when individuals consent, that takes claims outside of the statute. District courts in this circuit have reached that same conclusion. And that is true in the context of this type of claim, which necessarily has been brought under the statute, not just the regulation. And the applicable statute is 47 U.S.C. 227C. 227C itself, at C1, says, the commission shall initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights and to avoid receiving telephone solicitations to which they object. If there is consent, there is not an objection. And that is where the plaintiff's claim failed here. And there's no independent... Opposing counsel said there's an independent requirement for people to, or for the companies to, comply with the regulations. That's the only one that could possibly be relevant, is what I hear you saying. That's the only, this is the only statutory provision that could implicate Section D, which is the regulatory provision. That's the only statutory provision. And without a violation of the statute, there cannot be a violation of the regulation. If the panel has no further questions, we ask that the court affirm. Thank you, Ms. Weiler. Mr. Schultz, your rebuttal. Sure. First, I would like to thank opposing counsel for agreeing with me on three quarters of my argument today. Now, this is actually a simple case. We have an FCC regulation enacted under the TCPA to protect the do-not-call-list people, requiring the telemarketers to do these six things so they don't telemarket to people on the do-not-call list. That's what happened here. My client's on the do-not-call list. And they didn't do these six things. And now they're claiming, well, you need to rewrite the regulation to add consent to it. If you put consent in there, the regulation fails. Because all of a sudden, the telemarketers will keep telemarketing to people and not do those six things. You'd essentially be canceling the regulation. The statute says that violations of the underlying regulations, or the ones enacted, are violations of the TCPA, and you get the statutory damage remedy. What about opposing counsel saying it uses the word objection, which is the equivalent of consent? The statute does. I didn't understand that. Okay. I mean, you don't have to object to have the protections of 64-1200-D. It's consent and objection don't matter. Under that regulation, telemarketers are absolutely forbidden from sending any text message. That's the first sentence of the regulation. And there's no consent in there. There's no established business relationship defense in there. It simply is do these six things or you can't send any text messaging, advertising text messaging. And that's what they did here. They didn't do those six things. They sent advertising text messaging to my client and to others. And that's the harm that came to my client. Illegal text messages were sent and received. It's a simple case. Defendants say, well, rewrite that regulation. Put consent in there. Put established business relationship in there. And let's go ahead and destroy it because we don't like it. We want to send text messaging to everybody, and we don't want to do those six things because it's just too hard. You know, it's been around for 20 years, but, you know, we're big guys. They're little guys. Let's let the big guys win this time. Thank you very much.  And I appreciate your hearing me today. The case has been submitted. We will take it under advisement and issue an opinion in due course. Are there any further arguments on today's calendar? No. The court will be in recess until tomorrow morning.